**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4157**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

RONNIE DEAN BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19-cr-00072-KDB-DSC-1)

Submitted:  September 24, 2020               Decided:  September 28, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eugene Ernest Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Dean Brown pled guilty, pursuant to a written plea agreement, to receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2. The district court sentenced Brown to 121 months' imprisonment. On appeal, Brown argues that the sentencing court erred by applying an enhancement for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2018), and that his trial counsel provided ineffective assistance by failing to object to that enhancement and by entering into an appeal waiver. The Government has moved to dismiss the appeal. We grant the Government's motion.

An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record

2

indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the Rule 11 colloquy and the plea agreement confirms that Brown knowingly and voluntarily waived the right to appeal his sentence and Brown's claim that the district court improperly applied an enhancement for obstruction of justice falls squarely within the scope of the waiver. We therefore enforce the appellate waiver with respect to that issue.

Brown's ineffective assistance of counsel claims, however, fall outside the scope of Brown's appeal waiver. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Brown should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

We therefore grant the Government's motion and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*